*E-Filed 3/18/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY MAXEY, | No. C 13-4644 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| KEVIN CHAPPELL, | |
| Respondent. | |

Petitioner, a state prisoner sentenced in 1977 to life with the possibility of parole after serving seven years, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He alleges that the California Board of Parole Hearings has violated repeatedly his federal constitutional rights under the (1) Due Process, (2) Equal Protection, and (3) Ex Post Facto Clauses[1] by denying him parole during his 36 years of incarceration, most recently in October 2012.  The petition is DISMISSED.

---

[1] Petitioner also claims that his state constitutional and statutory rights have been violated. Violations of state law are not remediable on federal habeas review, even if state law were erroneously applied or interpreted.  *See Cooke*, 131 S. Ct. at 861–62.  These claims are DISMISSED.

The petition fails to state a claim upon which federal habeas relief can be granted. As to his claim regarding due process, in the parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons" why parole was denied. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011). "The Constitution does not require more." *Id.* at 862 (quoting *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Id.* In the instant matter, the record shows that petitioner received at least the required amount of process at his 2012 hearing. Accordingly, this claim is DISMISSED.

Petitioner's equal protection claim is DISMISSED for failure to state a claim. Prisoners are not a suspect class and there is no fundamental constitutional right to parole. *See Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999).

With respect to his third claim, petitioner argues that the application of parole statutes and guidelines enacted after the date of his conviction (that is, after 1977) violates the Ex Post Facto Clause. This claim is foreclosed by case law. Courts have found that the new parole suitability guidelines do not disadvantage prisoners sentenced prior to their enactment and therefore the Ex Post Facto Clause is not implicated. *See Connor v. Estelle*, 981 F.2d 1032, 1034 (9th Cir. 1992). This claim is DISMISSED.

The petition is DISMISSED. A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondent, and close the file. Petitioner has paid the filing fee.

**IT IS SO ORDERED**.

DATED: March 18, 2014

RICHARD SEEBORG
United States District Judge